STATE OF LOUISIANA                    NO. 22-K-71

VERSUS                               FIFTH CIRCUIT

KYRIENE VALLERY                       COURT OF APPEAL

                                      STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

_____ October 25, 2022 _____

Linda Wiseman
First Deputy Clerk

IN RE KYRIENE VALLERY

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE KATHERINE TESS STROMBERG, DIVISION "C", NUMBER 69,50

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and John J. Molaison, Jr.

**STAY LIFTED; WRIT GRANTED; REMANDED**

The relator, Kyriene Vallery, seeks review of the trial court's denial of his motion to quash. On March 10, 2022, this Court stayed the underlying proceedings pending the Louisiana Supreme Court's resolution of an identical issue in *State v. Gasser*, 22-00064 (3/2/22) --- So. 3d, ---, 2022 WL 610722.

The relator was indicted on January 27, 2014, for second-degree murder by a St. James Parish Grand Jury. On November 1, 2018, a non-unanimous jury found the relator guilty of the responsive verdict of manslaughter. He was sentenced to 40 years at hard labor with the Department of Corrections. The United States Supreme Court decision in *Ramos v. Louisiana,* 590 U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) held that a unanimous jury verdict is required to convict a defendant of a serious offense. On appeal, this Court vacated the relator's conviction and remanded the case to the trial court for further proceedings. *State v. Vallery*, 20-149 (La. App. 5 Cir. 12/16/20), 308 So.3d 785.

22-K-71

The State thereafter sought to try the relator using the original grand jury indictment for second-degree murder. The relator filed a motion to quash the indictment on the basis of double jeopardy. He argued that because a jury convicted him of a responsive verdict of manslaughter, the State is precluded from prosecuting him for the greater offense of second-degree murder because being found guilty of a lesser degree of the offense charged, is an acquittal of the more serious second-degree murder charge under La. C.Cr.P. art. 598. In the alternative, the relator argued that allowing the State to retry him for a greater offense would chill his appellate rights under article I, section 19 of the Louisiana Constitution because he should not be required to elect between suffering an illegal conviction to stand unchallenged at the cost of forfeiting a valid defense to a greater offense.

After a hearing on November 29, 2021, the trial court denied his motion on December 17, 2021, finding the relator's conviction, reversed in accordance with *Ramos,* was a "procedural dismissal" unrelated to the relator's factual guilt or innocence, rather than an acquittal.

This Court had reached a contrary decision on December 16, 2021 in *State v. Gasser*, 21-255 (La. App. 5 Cir. 12/16/21), --- So.3d ---, 2021WL59999978. In that case, we found no error in a trial court's granting of a motion to quash on the basis of double jeopardy upon finding that the responsive verdict of manslaughter was an acquittal of the second-degree murder charge. Relying on La. C.Cr.P. art. 598, we found the non-unanimous manslaughter verdict, legal at the time of the conviction, served as an acquittal of the greater offense of second-degree murder and the defendant could not be retried for that offense. In *State v. Gasser*, 22-00064 (La. 6/1/22), the Supreme Court affirmed this Court's opinion, and found specifically:

> After our review of the procedural history of this case and relevant case law, we agree with the lower courts that double jeopardy bars the reinstatement and retrial of a defendant on a higher charge

2

when he has been lawfully convicted of a lesser included offense, even though the conviction is later vacated. We further agree with the lower courts that, in this case, defendant's conviction of a lesser included offense operated as an implied acquittal of the higher charge. We thus affirm the trial court's ruling, granting defendant's motion to quash.

Therefore, in applying the Supreme Court's recent pronouncement in *Gasser, supra*, to the instant facts, we find that double jeopardy precludes the State from retrying the relator on the second-degree murder charge due to the implied acquittal of the responsive verdict.  Accordingly, we lift our previous stay, grant the relator's writ, reverse the trial court's denial of the motion to quash, and remand the matter for further proceedings.

Gretna, Louisiana, this 25th day of October, 2022.

**JJM**
**JGG**
**SJW**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/25/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-71**

### E-NOTIFIED

23rd Judicial District Court (Clerk)
Hon. Katherine Tess Stromberg (DISTRICT JUDGE)
Mark D. Plaisance (Relator)

### MAILED

Honorable Ricky L. Babin (Respondent)
District Attorney
23rd Judicial District Court
Post Office Box 1899
Gonzales, LA 70707

Eric J. Santana (Relator)
Attorney at Law
3500 North Hullen Street
Suite 17K
Metairie, LA 70002

Marcus J. Plaisance (Relator)
Attorney at Law
Post Office Box 1123
Prairieville, LA 70769

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                          ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
   J CASSO

1. Article Addressed to:

Honorable Ricky L. Babin
District Attorney
23rd Judicial District Court
Post Office Box 1899
Gonzales, LA 70707
22-K-71                    10-25-22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

9590 9402 2434 6249 3648 54

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7080

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Marcus J. Plaisance
Attorney at Law
Post Office Box 1123
Prairieville, LA 70769
22-K-71                    10-25-22

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3638 88

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7103

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____     ☐ Agent
                          ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?     ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt